Judge Robertson,
delivered the opinion of the Court.
The sheriff of Casey county sold at auction, a negro, to satisfy an execution in favor of Cooper, and another in favor of Reed and Murrell, against George Galloway; Hatter became the purchaser, and executed, with two securities, a joint bond to Cooper and to Reed and Murrell,,for the price, in satisfaction of their executions.
On the motion of the obligors, the circuit court of Casey, at its August term, 1825, quashed the bond and a fieri facias which had issued on it. The reason assigned for the quashal is, that it was erroneous to take a joint bond, payable to several creditors.
Not regular to take sale bond, payable jointly to several distinct creditors, by execution, yet the bond is not void, and capno.t be avoided by the obligors, The obligees may avoid or ratify at their election.
ifbond, good at common law, though not conformable to statute, error to <lua911 ¡t-
*358 In November, 1825, the obligees in the bond,"brought an action of debt on it, against the obligors; to which they filed two pleas: 1 st. That “the consideration had failed; 2d. That before the date of the writ, the circuit court had quashed the bond. Demurrers to each of these pleas being sustained, judgment was rendered against the defendants by default; from which they have appealed. Whereupon the obligees prosecuted a writ of error to the judgment, quashing the bond. The two cases are consolidated and will be decided together.
The court erred in quashing the bond. There is no statute or rule of law which prohibits such a bond, or renders it invalid. It is not perfectly regular, nor conformable to practice, to take a joint bond payable to several creditors, unconnected by judgment or in interest. The obligees may object to it. They are not bound to accept it. It may operate to their inconvenience and prejudice. Their judgments are distinct; their executions are separate. They cannot be compelled to commingle their interests, and confound their remedial rights. Therefore, they may refuse to recognize the validity of a joint bond, and will be entitled to a quashal of it by .the court, especially if it do not specify the amounts of their debts respectively. But it does not follow, that the obligors have a correspondent right, They execute the bond voluntarily. A joint bond may be more advantageous to them than several obligations. The execution of one bond instead of several, cannot possibly operate to their disadvantage; and, therefore, they should not be permitted to take advantage of their own voluntary act, when it is not prohibited by law; '•'•volenti non fit injuriam This is the doctrine of reason, and it is certainly that of the law. See Fant & Catlet vs. Wilson, 3 Monroe, 342; White vs. Richardson, Ib. 176. This principle has been recognized by very many other decisions of this court, the citation of which cannot be now necessary. Whether an execution on the bond could he quashed by the obligors, is not the question here.
But if this be not a good statutory bond, it is a valid common law obligation. See Hamilton vs. The Commonwealth, 3 Monroe, 213; Salter vs. Richardson, Ib. *359 204. This proposition needs no other support. It is well understood and cannot be questioned. The court, therefore, had no right to quash the bond; it had no power over it except as a statutory obligation. If, as such, it was ineffectual, the court might have quashed an execution issued to enforce it as a statute judgment, but it could rightfully do no more. For by quashing it, the right of the obligees- to maintain a suit upon it, was suspended; a right as clear and indisputable as that of an obligee of any bond whatsoever, and which no court should embarrass or postpone in a mode so indirect and summary, as that of quashing the bond on motion of the obligors.
Error to Jlua9h sa]f quash Uie”0* sale,
if bond be good at corn-bad'a^statutary bond, a suit cannot ^ “aiata“" bondP,°while judgment qua9bing th¡í mains unre-’ versed,
But there is an objection to the quashal, still more striking. The court quashed the bond, but did not quash the sale. The execution was satisfied. All that the creditors had received for their judgments was this sale bond. That being quashed, they had nothing. They could not proceed on their judgment, because it was satisfied by the sale. They could not proceed on the bond, because it was quashed. And thus they were stript of all remedy; and the obligors permitted to take an unjust advantage of their own wrong, and hold the negro without paying a cent; 3 Monroe, 343.
The judgment quashing the sale bond is, therefore reversed with costs.
In the other case we have felt more doubt. As the bond is good at common law, it might be very plausibly urged, that in this character the court could not affect it by quashing, and that the only consequence of the quashal would be that it could not operate as a statutory bond, on which an execution could issue, and therefore, there would be remedy on' it by suit, to which the creditors would be compelled to resort, But the case of Fant, &c. vs. Wilson, supra, seems to be decisive on this subject. It is decided in this case, that to quash the bond, nullifies it, and of course destroys all remedy to enforce it. Consequently, on this authority, the judgment on the bond in favor of the obligees, cannot be sustained, the suit having been brought while the judgment quashing the bond was in fullforce. The 2d plea was good, and the demurrer *360 to it ought to have been overruled. The first pleas however, was insufficient. A plea that the consideration has failed, without showing how, is not good.
Denny, for Hatter, &c.; Green, for Cooper, &c.
The judgment of the circuit Coürt, in this case too, is reversed with costs.